FILED

2012 JUL -3 A 9:19

GERALD E. FUERST
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS

CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| BERNADETTE ROLEN, as Mother and as Administratrix of the Estate of DANIEL FICKER<br>24230 Cottage Gate<br>Olmsted Falls, OH 44138<br><br>-and-<br><br>TIFFANY URBACH<br>6168 Wareham Road<br>Parma, OH 44129<br><br>Plaintiffs<br><br>-vs-<br><br>CITY OF CLEVELAND<br>601 Lakeside Avenue<br>Cleveland, OH 44114<br><br>-and-<br><br>OFFICER MATTHEW CRASKA, #260<br>Cleveland Police Department, 2nd Dist.<br>3481 Fulton Road<br>Cleveland, OH 44109<br><br>-and-<br><br>OFFICER DAVID MINDEK, #890<br>Cleveland Police Department, 4th Dist.<br>9333 Kinsman Road<br>Cleveland, OH 44104<br><br>Defendants | CASE NO. LANCE T MASON Complaint<br>CV 12 786264<br><br>JUDGE<br><br><br><br>**COMPLAINT**<br><br>**(JURY DEMAND ENDORSED HEREON)** |

CV12786264              74565645

## INTRODUCTION

1. Plaintiff, Bernadette Rolen, Administratrix of the Estate of Daniel Ficker, seeks damages and other relief under the Federal Civil Rights Act, as well as state law, against individual Defendants, Cleveland Police Officers Matthew Craska and David Mindek, as well as the City of Cleveland, in connection with the arrest, beating and shooting death of decedent Daniel Ficker on or about late July 3, 2011, early July 4, 2011. Plaintiff, Tiffany Urbach, seeks damages under state law for intentional and/or negligent infliction of emotional distress.

2. Daniel Ficker and Tiffany Urbach, his partner and mother of his two children, returned home after a night out. Ficker was unarmed, engaged in no criminal conduct, and in the process of going to his door, when he was physically confronted, without reasonable suspicion or probable cause, by Defendants, Cleveland Police Officers Craska and Mindek. These officers traveled from Cleveland to Parma waiting for Mr. Ficker to return home to confront him for unsubstantiated suspicions. Craska and Mindek proceeded to arrest, handcuff, and viciously beat Ficker in front of Tiffany. Craska then drew his firearm and unlawfully shot and killed Ficker while Mindek did nothing to stop this unjustified use of deadly force. The decedent lay mortally wounded in the arms of Tiffany Urbach, watching her partner's life fade, while Mindek cowardly ran away from the scene. Daniel Ficker is survived by his Mother and Father, as well as two minor children who depended on him for support, love and companionship.

## PARTIES

3. Plaintiff, Bernadette Rolen, brings this action as Mother and Administratrix of the Estate of her deceased son, Daniel Ficker. She is and was, at all times relevant herein, a resident of the City of Olmsted Falls in Cuyahoga County, Ohio. Mr. Daniel Ficker was a resident of the City of Parma in Cuyahoga County, Ohio, at all times relevant herein.

4. Plaintiff, Tiffany Urbach, brings this action with respect to Count Six of the Complaint. She is and was, at all times relevant herein, a resident of the City of Parma in Cuyahoga County, Ohio.

5. Defendant, Matthew Craska, at all times relevant herein, was employed as a police officer for the City of Cleveland, Ohio, and was acting under color of state law. He is being sued in his individual, as well as official capacity.

6. Defendant, David Mindek, at all times relevant herein, was employed as a police officer for the City of Cleveland, Ohio, and was acting under color of state law. He is being sued in his individual, as well as official capacity.

7. Defendant, City of Cleveland, is a municipal corporation within the State of Ohio, and at all times relevant herein, employed Defendants Craska and Mindek as police officers.

## JURISDICTION AND VENUE

8. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988, as well as the Fourth and Fourteenth Amendments to the Constitution of the United States and pendent claims arising under the laws of the State of Ohio. Venue is appropriate as this

3

cause of action arose in the County of Cuyahoga, and on information and belief, all Defendants reside in said County.

## FACTS

9. Plaintiffs incorporate by reference each and every allegation of Paragraphs 1 through 8, as if those allegations were fully rewritten therein.

10. On July 3, 2011, decedent, Daniel Ficker, and his companion, Tiffany Urbach, and their two minor children, attended a Fourth of July party at Tiffany's cousin Kimberly Mindek's home in Cleveland, Ohio.

11. Kimberly Mindek is the wife of Defendant, David Mindek, who was on duty at the time and not home.

12. Daniel Ficker, Tiffany Urbach, and their children left the party in the late afternoon, then traveled to Tiffany's parent's home in Strongsville, Ohio, and visited for a number of hours into the evening.

13. At some point after the party and hours after Daniel Ficker and Tiffany Urbach left, Kimberly Mindek suspected that Daniel Ficker stole some jewelry from an upstairs bedroom while he was at the party.

14. Defendant Mindek arrived home later after completing his assigned shift as a patrol officer when his wife told him about her suspicions.

15. Thereafter, Defendant Mindek, while off-duty, decided to take the matter of the suspicion into his own hands and enlisted the assistance of Defendant Craska, who was on-duty in the Second District area of Cleveland, in order to confront Daniel Ficker at his home in Parma.

4

16. At approximately 11:30 p.m. on July 3, 2011, Defendant Craska left his duty assignment in the near westside of Cleveland - a high crime area during a busy holiday night - picked up Mindek in his police cruiser, and drove to Daniel and Tiffany's home in Parma, Ohio which is seven to ten miles away.

17. Defendants, traveling in Craska's police cruiser, arrived at the Ficker residence in Parma and waited for Daniel and Tiffany to arrive. They had no warrant and no reasonable cause to confront or detain Daniel Ficker based solely on the unsubstantiated suspicions of Defendant Mindek's wife

18. In the meantime, Daniel Ficker and Tiffany Urbach left Tiffany's mother's home in Strongsville, Ohio, after leaving their two children with her parents for the night, and then headed home to Parma.

19. On their way home, Daniel and Tiffany stopped at a local bar for a short time, then proceeded home to Wareham Road in Parma, Ohio.

20. After arriving at their home, Daniel and Tiffany parked their car in their driveway, exited the vehicle and proceeded toward the side door of their house when Tiffany Urbach saw a police car and noticed Defendant, David Mindek, in civilian clothes, standing in the vicinity, as well as a police officer in uniform determined later to be Defendant Craska.

21. At this time, Defendants confronted Daniel Ficker, and without probable or reasonable cause, forced him face first on the hood of Craska's police cruiser, began to handcuff him, and proceeded to brutally beat and electronically shock him.

22. Daniel Ficker cried for help while attempting to thwart the numerous blows and assaults on his body, from his head to his feet.

23. According to the Autopsy Report, Daniel Ficker suffered approximately thirty (30) separate wounds, including multiple contusions from blunt force hits on his body.

24. At one point, Daniel Ficker was able to break free, put his hands in the air to show he was unarmed, and attempted to get in the side door of his house, yet Craska fired a shot from his handgun striking Daniel Ficker in the side of his chest, under his armpit, a shot which traversed through his chest, severed his spinal cord, and caused him to drop in his tracks. He never made it to the door.

25. Meanwhile, Tiffany Urbach called both the Parma Heights, as well as the Parma Police Departments, to seek help for Daniel Ficker while she witnessed in horror her loved one being assaulted and then shot.

26. Defendant Mindek, who instigated the chain of events in order to get even for the alleged theft at his house, and then abusing his authority as a police officer by luring Defendant Craska away from his post in Cleveland, cowardly fled the scene.

27. Members of the Parma Police Department were notified by 911 of the shooting and arrived to find Daniel Ficker mortally wounded outside his home, unarmed.

28. Daniel Ficker later died as a result of the single gunshot wound fired by Defendant Craska.

29. Defendants, Craska and Mindek, knowing Daniel Ficker was unarmed, deliberately used excessive and deadly force, violating decedent's constitutional rights to be free from both excessive and deadly force.

## FIRST CLAIM FOR RELIEF
## (42 U.S.C. Section 1983)

30. Plaintiff Rolen incorporates by reference each and every allegation of Paragraphs 1 through 29 above, as if those allegations were set forth herein.

31. Defendants Craska and Mindek's actions were performed under color of law and deprived decedent of federally protected rights, in violation of Title 42 U.S.C. Section 1983.

32. Defendants Craska and Mindek deprived the decedent of his right to be free from unreasonable seizures by falsely arresting decedent and by the use of excessive and deadly force in violation of the Fourth and Fourteenth Amendments of the United States Constitution. Defendant Mindek further violated decedent's rights by failing to intervening and attempting to stop the brutal and deadly force inflicted on decedent.

33. The actions of Defendants Craska and Mindek were committed intentionally, maliciously and/or in a gross, wanton, unreasonable, and/or reckless manner.

34. As a direct and proximate result of the misconduct of these Defendants, including the City of Cleveland, the decedent suffered injuries and damages as set forth in this Complaint.

## SECOND CLAIM FOR RELIEF
## (Governmental Liability)

35. Plaintiff Rolen incorporates by reference each and every allegation of Paragraphs 1 through 34 above, as if those allegations were set forth herein.

36. The City of Cleveland has a duty to insure that its officers are properly supervised, monitored, and trained to deal with potential unconstitutional violations as occurred here, leading to and including the shooting.

37. For example, the failure to provide adequate training and controls relative to its officers' authority to leave their jurisdiction and city to assist an off duty officer on a personal matter relating to perceived suspicions of criminal conduct affecting the off duty officer, and further skirting appropriate investigative procedures, constitutes reckless and indifference to constitutional safeguards and protections. This breakdown in the chain of command and condoning of an unethical and dangerous police intervention predictably and/or directly led to the unconstitutional arrest, beating and shooting of Daniel Ficker. Such abuse of authority in acquiescing or authorizing Craska to leave the Second District and go to Parma to engage in a confrontation regarding a personal matter without any imminency or basis, calls into question the policy of granting unfettered discretion to supervisors to acquiesce in such an abuse of authority, and certainly infers a lack of training.

38. In addition, the fact that Craska, as a patrol officer, with nothing more than a suspicion conveyed by his friend, Mindek, and without any investigation from a detective, to then go to another city with permission or not, and lay in wait for the target of the suspicion to arrive home, and then accost that target on his own property, leading to unlawful use of force, demonstrates a deliberate indifference to notions of probable cause and legal detentions, and infers a policy of inadequate training of these officers in proper police tactics relating to routine calls and engagement with citizens.

39. Defendant, City of Cleveland, Ohio, has failed to adequately train and supervise its patrolmen concerning proper police procedure and constitutional limitations relative to governing jurisdictional authority, the application of probable cause to make arrests, and the use of deadly force, these failures proximately causing the constitutional violations as set forth in this Complaint.

40. Defendant, City of Cleveland, has failed to institute adequate policies and procedures governing jurisdictional authority, the application of probable cause to make arrests, and the use of deadly force. The policies and procedures in place exhibit the City of Cleveland's deliberate indifference to the constitutional rights of citizens of the State of Ohio, including decedent, and proximately caused the constitutional violations set forth in this Complaint.

### THIRD CLAIM FOR RELIEF
### (State Claim - Willful, Wanton, and Reckless Conduct)

41. Plaintiff Rolen incorporates by reference each and every allegation of Paragraphs 1 through 40 above, as if those allegations were set forth herein.

42. Defendants Craska and Mindek failed to exercise due care and acted in a willful, wanton, and reckless manner while engaged in police functions and activities which culminated in the death of Daniel Ficker.

43. Such reckless, wanton, and willful conduct proximately caused the death of decedent.

44. As a direct and proximate result of the misconduct of these Defendants, the Plaintiff has suffered injuries and damages as set forth in this Complaint.

## FOURTH CLAIM FOR RELIEF
### (State Claim - Assault and Battery)

45. Plaintiff Rolen incorporates by reference each and every allegation of Paragraphs 1 through 44 above, as if those allegations were set forth herein.

46. Defendants knowingly caused physical harm by the use of both non-deadly and deadly force which was excessive, disproportionate under the circumstances, and unjustifiable.

47. This unlawful use of force was harmful and offensive and proximately caused multiple serious physical injuries, as well as the decedent's death, and constitutes an assault and battery against decedent.

## FIFTH CLAIM FOR RELIEF
### (State Claim for Relief - False Arrest)

48. Plaintiff Rolen incorporates by reference each and every allegation of Paragraphs 1 through 47 above, as if those allegations were set forth herein.

49. Defendants, without legal cause or justification, intentionally and unlawfully falsely arrested Plaintiff's decedent.

50. This unlawful conduct was harmful and offensive and proximately caused mental and physical injuries, as well as death.

## SIXTH CLAIM FOR RELIEF
### (State Claim on Behalf of Tiffany Urbach - Infliction of Emotional Distress)

51. Plaintiff Urbach incorporates by reference each and every allegation of Paragraphs 1 through 50 above, as if those allegations were set forth herein.

52. Plaintiff, Tiffany Urbach, watched in horror as her lover and companion was wrongfully arrested, beaten, abused, and unjustifiably shot and killed by the Defendants.

53. Through their unreasonable and unlawful conduct, the Defendants either intended to cause Plaintiff emotional distress or knew or should have known that their actions or inactions would result in serious emotional distress. Further, their actions toward Daniel Ficker were so extreme and outrageous as to go beyond all possible bounds of decency and were intolerable, and caused Plaintiff permanent mental distress.

## SEVENTH CLAIM OF RELIEF
### (Wrongful Death)

54. Plaintiff Rolen incorporates by reference each and every allegation of Paragraphs 1 through 53 above, as if those allegations were set forth herein.

55. Decedent is survived by his Mother, Bernadette Rolen, who is Administratrix of the Estate, as well as two (2) minor children, and brings this action pursuant to Ohio Revised Code Sections 2125.01 - 2125.03.

56. Plaintiff Rolen and decedent's children, as well as decedent's father and siblings, suffered damages for the loss of the decedent's services, in addition to the loss of support from the reasonably expected earning capacity of the decedent and the loss of the prospective inheritance to the decedent's heirs at law at the time of his death.

57. Plaintiff Rolen and decedent's children, as well as decedent's father, Dennis Ficker, and siblings, suffered damages for loss of decedent's society over his life expectancy, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training and education.

58. Plaintiff Rolen and decedent's children, as well as decedent's father, Dennis Ficker, and siblings, suffered damages for the mental anguish caused by the decedent's death, as well as mental anguish caused by the circumstances leading to his death.

59. At the time of decedent's death, next-of-kin were fixed with respect to the decedent in the below-listed relationships:

| | |
|---|---|
| Bernadette Rolen | Mother |
| Dennis Ficker | Father |
| Dominic | Son |
| Lauren | Daughter |
| Kayla Lindenberg | Sister |
| Savanah Ficker | Sister |

60. Reasonable funeral and burial expenses have been incurred.

## EIGHTH CLAIM FOR RELIEF
**(Survivorship Action)**

61. Plaintiff Rolen incorporates by reference each and every allegation of Paragraphs 1 through 60 above, as if those allegations were set forth herein.

62. As Administratrix of the Estate of Daniel Ficker, Plaintiff, Bernadette Rolen, brings this action for the injuries and damages to her son prior to his death for the benefit of his Estate.

63. As a result of the above-described misconduct of Defendants, decedent suffered the injuries described in the above Paragraphs.

64. Daniel Ficker sustained conscious pain and suffering, including terrifying fright and gunshot to his body, that ultimately resulted in his wrongful death.

## DAMAGES

65. As a direct and proximate result of the acts set forth in Paragraphs 1 through 64 above, Daniel Ficker also sustained, prior to his death, pain about his head and body, together with a severe and traumatic shock to his entire physical, nervous, and emotional system.

66. As a further direct and proximate result of the wrongful death of Daniel Ficker, his survivors and/or heirs have suffered damages, including but not limited to, the loss of his support, services, and society, including lost companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education, as well as the loss of prospective inheritance.

67. As a further direct and proximate result of the wrongful death of Daniel Ficker, the decedent's survivors and/or heirs have suffered damages, including but not limited to, grief, depression, and severe emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, Bernadette Rolen and Tiffany Urbach, pray for judgment against the Defendants, jointly and severally, for:

(A) Compensatory and consequential damages for all the injuries identified in an amount to be determined by the Court in excess of the Court's jurisdictional amount;

(B) Punitive damages (except against the City of Cleveland) in an amount to be determined at trial for the willful and malicious conduct of Defendants Craska and Mindek;

(C) Equitable relief, including, without limitation, that Defendant, City of Cleveland, be made to adopt an appropriate policy to prevent future instances of this type of misconduct described herein;

(D) Attorneys' fees and the costs of this action and other costs that may be associated with this action; and

(E) Any and all other relief that this Court deems equitable, necessary, and just.

**A JURY IS REQUESTED TO HEAR THIS MATTER.**

_____
TERRY H. GILBERT (0021948)

_____
GORDON S. FRIEDMAN (0021946)

Friedman & Gilbert
1370 Ontario Street, Suite 600
Cleveland, OH 44113-1752
Telephone: (216) 241-1430
Facsimile: (216) 621-0427
E-Mail: tgilbert@f-glaw.com
gorlaw@f-glaw.com

Attorneys for Plaintiffs

UMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVE    ND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV12786264 | D1 CM | 19686869 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

BERNADETTE ROLEN ETAL    PLAINTIFF
VS
CITY OF CLEVELAND ETAL    DEFENDANT

# SUMMONS

CITY OF CLEVELAND
601 LAKESIDE AVENEU
CLEVELAND OH 44114-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Plantiff's Attorney

GORDON S FRIEDMAN
1370 ONTARIO ST.

STANDARD BUILDING SUITE 600
CLEVELAND, OH 44113-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

LANCE T MASON
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE |
|---|
| Jul 10, 2012 |

By_____
        Deputy

COMPLAINT FILED   07/03/2012



SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV12786264 | D3 CM | 19741451 |

Rule 4 (B) Ohio

Rules of Civil Procedure

## SUMMONS

```
    BERNADETTE ROLEN ETAL       PLAINTIFF
              VS
    CITY OF CLEVELAND ETAL      DEFENDANT
```

```
OFFICER DAVID MINDEK #890
CLEVELAND POLICE DEPARTMENT, 4TH
DISTRICT
9333 KINSMAN ROAD
CLEVELAND OH 44104-0000
```

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on: 

Plantiff's Attorney

```
GORDON S FRIEDMAN
1370 ONTARIO ST.

STANDARD BUILDING SUITE 600
CLEVELAND, OH 44113-0000
```

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

```
LANCE T MASON
Do not contact judge. Judge's name is given for
attorney's reference only.
```



GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE | |
|---|---|
| Jul 20, 2012 | By _____ <br> Deputy |



COMPLAINT FILED    07/03/2012

ISN130

UMMONS IN A CIVIL ACTION   C   RT OF COMMON PLEAS, CUYAHOG  OUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV12786264 | D2 CM | 19686870 |

Rule 4 (B) Ohio

Rules of Civil Procedure

## SUMMONS

BERNADETTE ROLEN ETAL
VS
CITY OF CLEVELAND ETAL

PLAINTIFF
DEFENDANT

OFFICER MATTHEW CRASKA #260
CLEVELAND POLICE DEPARTMENT 2ND DISTRICT
3481 FULTON ROAD
CLEVELAND OH 44109-0000

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Plantiff's Attorney

GORDON S FRIEDMAN
1370 ONTARIO ST.

STANDARD BUILDING SUITE 600
CLEVELAND, OH 44113-0000

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

LANCE T MASON
Do not contact judge. Judge's name is given for attorney's reference only.

GERALD E. FUERST
Clerk of the Court of Common Pleas

| DATE | By_____ |
|---|---|
| Jul 10, 2012 | Deputy |



COMPLAINT FILED   07/03/2012

CMSN130



# COMMON PLEAS COURT
# CUYAHOGA COUNTY, OHIO

2012 JUL -3 A 9:19

DESIGNATION FORM TO BE USED TO INDICATE THE CLASSIFICATION OF THE CAUSE

Bernadette Rolen, Etc., et al.
Plaintiff

vs.

City of Cleveland, et al.
Defendant

GERALD E. FUERST
CLERK C
CUYAHO(

Judge: LANCE T MASON

CV 12 786264

Has this case been previously filed & dismissed? Yes ☐ No ☒
Case #: _____ Judge: _____
Is this case related to any cases now pending or previously filed Yes ☐ No ☒
Case #: _____ Judge: _____

## CIVIL CLASSIFICATIONS: *Place an (X) in ONE Classification Only.*

**Professional Torts:**
- ☐ 1311 Medical Malpractice
- ☐ 1315 Dental Malpractice
- ☐ 1316 Optometric Malpractice
- ☐ 1317 Chiropractic Malpractice
- ☐ 1312 Legal Malpractice
- ☐ 1313 Other Malpractice

**Product Liability:**
- ☐ 1330 Product Liability

**Other Torts:**
- ☐ 1310 Motor Vehicle Accident
- ☐ 1314 Consumer Action
- ☒ 1350 Misc Tort

**Workers Compensation:**
- ☐ 1550 Workers Compensation
- ☐ 1531 Workers Comp. Asbestos

**Foreclosures:**
Utilize Seperate Foreclosure Designation Form

**Commercial Docket:**
- ☐ 1386 (Temp.Sup.R. 1.03)

**Administrative Appeals:**
- ☐ 1540 Employment Services
- ☐ 1551 Other

**Other Civil:**
- ☐ 1500 Replevin/Attachment
- ☐ 1382 Business Contract
- ☐ 1384 Real Estate Contract
- ☐ 1388 Consumer Debt
- ☐ 1390 Cognovit Contract
- ☐ 1391 Other Contract
- ☐ 1490 Foreign Judgment
- ☐ 1491 Stalking Civil Protection Order
- ☐ 1501 Misc Other
- ☐ 1502 Petition to contest Adam Walsh Act

**Amount of Controversy:**
- ☐ None Stated
- ☐ Less than $25,000
- ☐ Prayer Amount _____

**Parties have previously attempted one of the following prior to filing:**
- ☐ Arbitration
- ☐ Early Neutral Evaluation
- ☐ Mediation
- ☐ None

*I certify that to the best of my knowledge the within case is not related to any now pending or previously filed, except as noted above.*

Friedman + Gilbert
Firm name (Print or type)

1370 Ontario Street, Suite 600
Address

Cleveland, OH 44113-1752
Address

(216) 241-1430
Phone

Terry H. Gilbert (0021948) / Gordon S. Friedman (0021946)
Attorney of Record (Print or type)

*[signature]*
Signature

tgilbert@f-glaw.com / gorlaw@f-glaw.com
Email Address

Print Form